**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin Karl Broerman, et al., | ) | No. CV-11-1819-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| California Reconveyance Company, et al, | ) | |
| Defendants. | ) | |

Before the court is defendants' motion to dismiss the amended complaint (doc. 19), plaintiffs' response and motion to amend (doc. 20), and defendants' reply (doc. 21).

We first reject plaintiffs' suggestion that this motion to dismiss should be converted to a motion for summary judgment under Rule 12(d), Fed. R. Civ. P., because defendants referred to public records in their motion to dismiss. In considering a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings, MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986), as well as those documents referred to in the complaint, whose authenticity no party questions. United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

We also note that plaintiffs' response to the motion to dismiss was filed 7 days late without explanation or request for an extension of time. Plaintiffs are admonished that they must comply with the federal and local rules of civil procedure, notwithstanding their *pro se*

1 status.

2 On November 23, 2005, plaintiffs borrowed $491,603 from Pulte Mortgage LLC to
3 purchase real estate located in Anthem, Arizona. A deed of trust secures payment of the
4 loan. Motion, ex. A. The deed of trust names MERS as beneficiary and as nominee for Pulte.
5 After the closing, the loan was transferred to the Real Estate Mortgage Investment Conduit
6 Washington Mutual Mortgage Pass-Through Certificates, and Washington Mutual Bank
7 ("WaMu") became the loan servicer. Motion, ex. B. Subsequently, JPMorgan Chase Bank
8 acquired certain assets and assumed certain liabilities of WaMu from the Federal Deposit
9 Insurance Corporation acting as receiver, at which time Chase became the loan servicer as
10 successor in interest to WaMu.

11 At an undisclosed time, Chase initiated foreclosure proceedings. On June 14, 2011,
12 MERS assigned its beneficial interest in the deed of trust to U.S. Bank, and U.S. Bank filed
13 a Notice of Substitution of Trustee, appointing CRC as the successor trustee ("Notice of
14 Substitution"). Motion, ex. D. On the same day, defendant California Reconveyance
15 Company ("CRC") recorded a Notice of Trustee's Sale. Thereafter, on August 12, 2011,
16 CRC recorded a Cancellation of Notice of Sale, which cancelled the sale notice. It appears
17 that, to date, CRC has not recorded a new Notice of Trustee's Sale.

18 Plaintiffs assert one count in their amended complaint–a claim to quiet title. They
19 allege that CRC improperly initiated non-judicial foreclosure proceedings because it has not
20 established that it has "the requisite legal standing to institute foreclosure," has "failed to
21 provide evidence or even take the position that it is the holder of all rights under the Note,"
22 has "failed to demonstrate that it . . . is the party with the true ownership interest in the
23 Mortgage," and has not "demonstrated that it has suffered actual or threatened injury as a
24 consequence of any default." Amended Complaint ¶¶ 7-10.

25 Plaintiffs' theory that CRC, or the other defendants, must demonstrate that they hold
26 rights under the Note before initiating foreclosure proceedings has been consistently rejected
27 by Arizona courts. See, e.g., Hogan v. Washington Mut. Bank, 227 Ariz. 561, ___, 261 P.3d
28 445, 448 (Ct. App. 2011) (rejecting the "show me the note" theory and holding that

- 2 -

Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings).

Moreover, to quiet title, a plaintiff must allege that he possesses title to the subject property, that the defendant claims an interest adverse to his, and that it would be inequitable to let defendant's interest stand. It is well established that quiet title is not a remedy available to a plaintiff until the underlying debt is paid or tendered. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Plaintiffs do not allege that they have tendered, or are able to tender, the outstanding balance on the Loan. Therefore, the remedy of quiet title is not available, and plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

Plaintiffs request that in the event we find pleading deficiencies that they be allowed to file an amended complaint. But plaintiffs wholly fail to comply with LRCiv 15.1, which requires, among other things, that a party seeking to amend a pleading attach a copy of the proposed amended pleading as an exhibit to the motion. Therefore, the motion to amend is denied (doc. 20).

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 19).

**IT IS FURTHER ORDERED DENYING** plaintiffs' motion to amend (doc. 20).

Plaintiffs have already filed an amended complaint, which continues to be deficient. Nevertheless, we will allow plaintiffs another opportunity to file a motion to amend their complaint in order to assert a claim upon which relief can be granted. We caution plaintiffs that any filings with this court must comply with Rule 11(b), Fed. R. Civ. P., or risk being subject to sanctions. Plaintiffs' motion to amend the complaint must be filed no later than 14 days after the filing of this order, or this action will be dismissed with prejudice.

DATED this 8th day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 3 -